# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

MORRIS JOSEPH JONES,  §
(TDCJ-CID #1713101)  §
  §
Petitioner,  §
  §
VS.  §  CIVIL ACTION NO. H-13-3092
  §
WILLIAM STEPHENS,  §
  §
Respondent.  §

## MEMORANDUM AND OPINION

The petitioner, Morris Joseph Jones, seeks relief under 28 U.S.C. § 2254. He challenges a 2011 state felony conviction for aggravated sexual assault of a child. The respondent, William Stephens, filed a motion for summary judgment, (Docket Entry No. 12), with a copy of the state court record. Jones filed a response. (Docket Entry No. 14). Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment dismissing this case, with prejudice. The reasons are set out below.

## I.    Background

On April 19, 2010, Jones was indicted for continuing sexual abuse of a child. The indictment stated as follows:

> IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:
> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, MORRIS JOSEPH JONES, hereafter styled the Defendant, heretofore on or about JANUARY 1, 2008 CONTINUING THROUGH DECEMBER 12, 2009, did then and there unlawfully,

during a period of time of thirty or more days in duration, commit at least two acts of sexual abuse against a child young than fourteen years of age who was not the spouse of the Defendant, including an act constituting the offense of AGGRAVATED SEXUAL ASSAULT OF A CHILD, committed against A.C. on or about JANUARY 1, 2008, and an act constituting the offense of AGGRAVATED SEXUAL ASSAULT OF A CHILD, committed against A.C. on or about DECEMBER 12, 2009, and the Defendant was at least seventeen years of age at the time of the commission of each of those acts

AGAINST THE PEACE AND DIGNITY OF THE STATE.

(Docket Entry No. 9-5, Clerk's Record, p. 11).

Jones pleaded guilty to the felony offense of aggravated sexual assault of a child. (Cause Number 1248982). On April 29, 2011, the court sentenced Jones to a 25-year prison term. The judgment and sentence incorrectly state that Jones was convicted of continuous sexual abuse of a child, rather than aggravated sexual assault of a child. (Docket Entry No. 9-11, State Court Record, p. 14). The First Court of Appeals of Texas dismissed Jones's appeal for lack of jurisdiction on February 16, 2012.

On October 4, 2012, Jones filed an application for state habeas corpus relief, which the Texas Court of Criminal Appeals denied on April 17, 2013 on the trial court's findings, without a hearing or written order. On August 26, 2013, Jones filed a second application, which the Texas Court of Criminal Appeals dismissed as an abuse of the writ on October 23, 2013. (Docket Entry No. 9-13, *Ex parte Jones,* Application No. 78,999-02, p. 2).

On October 17, 2013, this court received Jones's federal petition. Jones contends that his conviction is void for the following reasons:

(1)     Trial counsel, Ruth Y. Burton, rendered ineffective assistance by:

(a) advising him that if he pleaded guilty, he could receive probation;

(b) failing to object to the second prosecutor's 25-year negotiated plea bargain;

(c) failing to uphold the first prosecutor's plea agreement of 10 years deferred probation; and

(d) failing to present witnesses and evidence as Jones requested at the Presentence Investigation ("P.S.I.") hearing; and

(2) Jones's guilty plea was involuntary due to ineffective assistance of counsel.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8).

## II.    The Applicable Legal Standards

Jones's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits."  An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000).

A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. This court considers whether the state court's application of Supreme Court precedent was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson,* 215 F.3d 504, 508 (5th Cir. 2000). The state court's fact findings are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

The respondent has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Rule 56 applies to the extent that it does not conflict with the habeas rules. Section 2254(e)(1)'s mandate that a state court's fact findings are "presumed to be correct" overrides the ordinary rule in a summary judgment proceeding that all disputed facts are construed in the light most favorable to the nonmovant. Unless Jones can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, these findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Jones is representing himself. Habeas petitions filed *pro se* are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court broadly interprets Jones's state and federal habeas petitions. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

## III.    Factual and Procedural Background

Jones pleaded guilty on January 26, 2011. He was sentenced after a PSI hearing on April 29, 2011. At the PSI hearing, Jones's stepdaughter, A.C., testified that she was 15 and in the 10th grade. She first met Jones when she was 7 years old. A.C. testified that she did not like Jones because he was very strict and whipped her with a belt. When A.C. was 9 years old, Jones asked her to play a game. She was supposed to lick Jones's finger and guess what flavor it was. A.C. testified that instead of licking Jones's finger, she was forced to lick his penis. Approximately 5 months later, Jones said that he would teach her new things, which turned out to be different sexual positions. A.C. testified that she had sex with Jones over 5 years, from when she was 9 years old until she was 14. Jones would have sex with her when her mother was at work or school. When A.C. was 14, she

told her mother about the abuse. A medical exam showed that she had contracted gonorrhea. A.C. testified that she has been in therapy.

K.M., A.C.'s friend, also testified that Jones sexually assaulted her one night when she was sleeping at A.C.'s home.

Jones testified that he was working out of town during much of the time A.C. alleged she was abused. He admitted that he had sexual contact with A.C. on one occasion, but claimed that A.C. initiated it. Jones denied having gonorrhea when he was admitted to the Harris County Jail.

On January 26, 2011, Jones appeared in open court and entered a guilty plea. (Docket Entry No. 9-11, State Court Record, pp. 12-13). The court admonished Jones in writing that he was charged with aggravated sexual assault of a child between January 1, 2008 to December 12, 2009 and what the punishment range was. (*Id.* at 12).

Jones signed a document with ten admonishments, initialing each one. The document stated, in part:

> 8.      Comes now the defendant, joined by my attorney, and hereby states that the foregoing Admonishments, Statements, and Waivers, as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession, were read by me or read to me and were explained to me . . . by my attorney . . . before I signed them. I further state that I fully understand the foregoing Admonishments, Statements, and Waivers, as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession, and that I am aware of and fully understand the consequences of my plea. I waive the right to have a court reporter record my plea of Guilty or Nolo Contendre (no contest) or True. I further state that I am mentally competent, that I fully understand the nature of the charges against me, and that my plea is freely, knowingly, and voluntarily entered. If my attorney was appointed by the Court, I hereby give up and waive any right I may have to wait to prepare for trial. I state that I am totally satisfied with the representation given to me by my attorney, and that in my opinion he

or she provided fully effective and competent representation. I waive and give up under Article 1.14 of the Texas Code of Criminal Procedure any and all rights given to me by law whether of form, substance, or procedure. Joined by my attorney, I waive and give up my right to a jury trial in this case as well as my right to require the appearance, confrontation and cross-examination of witnesses. I waive and give up any right of confidentiality that I may have as to the pre-sentence report filed in this case and agree that the report may be publicly filed. I consent to the oral and written stipulations of evidence in this case.

9.     JUDICIAL CONFESSION: I hereby state that I have read or have been read the indictment or information filed in this case, and I confess and admit that I committed each and every allegation contained therein. I state that I am guilty of the offenses alleged, as well as any and all lesser included offense. I hereby swear to all the foregoing, and I further swear that all testimony that I give in this case will be the truth, the whole truth, and nothing but the truth, so help me God.

(Docket Entry No. 9-11, State Court Record, pp. 16-17).

By initialing the statements, Jones acknowledged that he was entering an open plea, and that the State would recommend a maximum prison term of 25 years; that he fully understood the consequences of pleading guilty; that he had consulted with counsel; and that he freely and voluntarily entered his plea in open court, with his counsel's approval. By signing, Jones stated that he understood the charge against him and the consequences of his plea.

Jones's court-appointed defense attorney also signed the plea of guilty and a statement that she had fully discussed the plea and its consequences with Jones and believed that Jones had entered his plea knowingly and voluntarily. (Id. at 13).

Jones also signed a document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION." By his signature, Jones stated that he waived his constitutional right to a trial by jury; to the appearance, confrontation, and cross-

examination of witnesses; and to his right against self-incrimination. (Docket Entry No. 9-11, State Court Record, pp. 12-13). Jones attested to the truth of the allegations in the indictment and confessed. Jones, his attorney, and the State signed this document.

The state habeas court found that Jones's plea was knowing and voluntary and denied the relief he sought. The Texas Court of Criminal Appeals also denied relief on Jones's claim for postconviction relief.

## IV. The Voluntariness of the Guilty Plea

Jones claims that his guilty plea was involuntary because his appointed counsel, Ms. Burton, failed to advise him about the plea consequences. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7). A federal court upholds a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot admit guilt. *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976). The critical issue is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied,* 503 U.S. 988 (1992). If the record shows that the defendant "understood the charge and its consequences," a federal court will uphold the plea as voluntary even if the trial judge failed to explain the offense. *Davis v. Butler,* 825 F.2d 892, 893 (5th Cir. 1987).

At his plea hearing, Jones signed the plea documents and entered his plea. In doing so, Jones made declarations entitled to significant weight. "Solemn declarations in open court carry a strong

presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977)).

The state trial court found that Jones had entered his plea knowingly and voluntarily, after discussing the case with his attorney. (Docket Entry No. 9-11, State Court Record, p. 13). This court gives evidentiary weight to the documents Jones signed. *Carter v. Collins,* 918 F.2d 1198, 1202 n.4 (5th Cir. 1990).

The state habeas court entered the following findings:

> 1.     The Court finds that the affidavit of Ms. Ruth Yvonne Burton, the applicant's trial counsel, filed in the instant habeas proceeding is credible and that the facts asserted therein are true.
>
> 2.     The Court finds, based on the credible affidavit of Ms. Burton and the official court records, that Ms. Burton was appointed by the trial court to represent the applicant in the primary case and also in another felony case, cause number 1249140.
>
> 3.     The Court finds, based on the credible affidavit of Ms. Burton and the official court records, that the applicant was convicted by his guilty plea to the felony offense of aggravated sexual assault of a child.
>
> 4.     The Court finds, based on the credible affidavit of Ms. Burton and the official court records, that the applicant pled guilty to the court without an agreed punishment recommendation with the State. However, there was an agreement but of a twenty-five (25)-year maximum confinement cap, and a dismissal on a second case, cause number 1249140, as the result of counsel's plea negotiations with the State.
>
> 5.     The Court finds, based on the official court records, that the trial court assessed punishment at twenty-five (25) years confinement in the Texas Department of Criminal Justice Institutional Division (TDCJ--ID).
>
> . . .

14.    The Court finds, based on the credible affidavit of Ms. Burton and the official court documents, that counsel thoroughly explained and discussed each and every item in the trial court's Plea Admonishments to the applicant, and that the applicant had a clear understanding of each item before he initialed and ultimately signed the document.

15.    The Court finds, based on the credible affidavit of Ms. Burton and the official court records, that counsel made sure the applicant understood the plea terms, and the consequences of the options presented to him, and that he elected to plead guilty instead of proceeding with trial, because he did not want to put the complainant through the torment of going through trial.

. . .

19.    Based on the credible affidavit of Ms. Burton and the official court records, the Court finds that the applicant understood the terms of the plea bargain and that [he] elected to enter the guilty plea to the court freely and voluntarily.

(Docket Entry No. 9-11, State Court Record, pp. 1-4).

The state habeas court concluded:

12.    Regarding the applicant's claim of involuntary plea, a presumption of voluntariness is created in a plea if the defendant was admonished in accordance with the law, and then the burden of proving that a plea is involuntary shifts to the defendant. *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). In this case, the applicant fails to carry his burden.

13.    When the records indicate that the applicant was admonished, there is a prima facie showing of a knowing and voluntary plea. *Ex parte McAtee,* 599 S.W2d 335, 336 (Tex. Crim. App. 1980).

14.    The applicant has not overcome the presumption of regularity created by the trial court documents. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex. Crim. App. 1984).

(Docket Entry No. 9-11, State Court Record, p. 6). The Texas Court of Criminal Appeals denied

habeas relief.

On habeas review, a federal court is bound by the state court's credibility choices. *Hogue v. Johnson*, 131 F.3d 466, 505 (5th Cir. 1997). This court presumes the state court's explicit and implicit fact findings correct if they are supported by the record. *Loyd v. Smith*, 899 F.2d 1416, 1425 (5th Cir. 1990). The state court record fairly supports the explicit finding that Jones's guilty plea was voluntary. The record shows that Jones voluntarily pleaded guilty after consulting with counsel. The state court's decision to deny relief was not contrary to clearly established federal law as determined by the Supreme Court of the United States. Jones's claim for habeas relief based on the involuntariness of his guilty plea lacks merit. 28 U.S.C. § 2254(d)(1).

## V.    Ineffective Assistance of Counsel

Jones claims that he did not knowingly and voluntarily enter his guilty plea because he did not receive effective assistance of counsel. Jones asserts that Ms. Burton incorrectly advised him that he was eligible for probation. Jones also faults Ms. Burton for not calling favorable witnesses. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).

A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Machibroda v. United States*, 368 U.S. 487, 493 (1962). To prove ineffective assistance, a defendant must show that counsel was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's representation is deficient if it "fell below an objective standard of reasonableness" measured by "prevailing professional norms." *Id.* at 688. "The reviewing court must strongly presume that counsel rendered adequate assistance and that the challenged conduct was the product

of reasoned trial strategy." *Pondexter v. Quarterman*, 537 F.3d 511, 519 (5th Cir. 2008) (internal quotation marks omitted).

Prejudice "is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" and is less than a preponderance of the evidence. *Id.* at 693–94. A court may resolve a claim by finding either that counsel rendered reasonably effective assistance or that there was a lack of prejudice. There is no need to reach both components of the inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

In assessing counsel's performance, a court presumes it is within the "wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). If counsel acts based on well-informed strategic decisions, that is "well within the range of practical choices not to be second-guessed." *Rector v. Johnson*, 120 F.3d 551, 564 (1997) (quoting *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993)).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that the two-part test set forth in *Strickland* applies to cases involving guilty pleas. In the context of a guilty plea, prejudice is present if there is reasonable probability that absent counsel's errors, the defendant would not have pleaded guilty and would have proceeded to trial. *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Mangum v. Hargett*, 67 F.3d 80 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

The question is whether counsel's performance interfered with Jones's ability to understand the nature of the charges against him and the consequences of his plea. Once a guilty plea has been entered, nonjurisdictional defects are waived, including ineffective assistance of counsel claims except insofar as they relate to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle*, 466 U.S. 906 (1984). Each of Jones's complaints against defense counsel is examined below.

## A.     The Claim that Counsel Failed to Give Accurate Advice About Sentencing

Jones claims that Ms. Burton advised him that if he pleaded guilty, the judge would sentence him to probation. Jones argues that this was because his guilty plea to aggravated sexual assault of a child made him ineligible for probation.

Jones entered his guilty plea on January 26, 2011 and was sentenced after a PSI hearing on April 29, 2011. Jones claims that Ms. Burton asked the judge for leniency and asked for probation. Jones maintains that he would have insisted on proceeding to trial if he had known that he was ineligible for probation.

Besides the documents Jones signed in court at his guilty plea, which are entitled to a presumption of regularity under 28 U.S.C. § 2254(e), the ????

In her affidavit to the state habeas court, Ms. Burton testified as follows:

> I was appointed to represent Morris Jones in Cause No. 1248982 that was pending in the 338th District Court of Harris County, Texas.
>
> I held numerous discussions with the applicant concerning the best way to proceed on his cases, both this case and another case which was dismissed. We discussed the pros and cons of taking this case to trial vs. his pleading guilty to the Court in a presentence investigation.

Applicant indicated that he did not want to put the Complaint[sic] through the torment of going to trial.

I don't specially recall whether I gave Applicant a copy of the indictment or not. It is my usual practice to give Defendant a copy if they do not receive their copy while in the Harris County Jail. It is customary that the defendant is served a copy of the indictment, if they are in custody at the time the indictment is handed down. I do recall going over the indictment with the Applicant when we were discussing what the testimony would show in relation to the indictment and what the State needed to prove.

All of the State's plea offers were presented to the Applicant and the pros and cons of each offer was discussed with the Applicant in great detail.

Applicant indicated that he understood the charges, the punishment range and his options for disposing of his case and their consequences.

I never forced Applicant to plea guilty. I never told Applicant that he would receive life without parole. I did tell him that a life sentence was in the punishment range and that he was charged with an aggravated offense and would have to service[sic] 1/2 of whatever sentence he received before he was eligible for parole. I never told Applicant to lie. I did not tell Applicant that he would get the death penalty as that was not in the punishment range. Applicant pled guilty freely and voluntarily and indicated that he was doing so at the time that he entered into his plea.

(Docket Entry No. 9-10, State Court Record, pp. 129-30).

The state habeas court made the following findings:

3. The Court finds, based on the credible affidavit of Ms. Burton and the official court records, that the applicant was convicted by his guilty plea to the felony offense of aggravated sexual assault of a child.

4. The Court finds, based on the credible affidavit of Ms. Burton and the official court records, that the applicant pled guilty to the court without an agreed punishment recommendation with the State. However, there was an agreement but[sic] of a

14

twenty-five (25)-year maximum confinement cap, and a dismissal on a second case, cause number 1249140, as the result of counsel's plea negotiations with the State.

5. The Court finds, based on the official court records, that the trial court assessed punishment at twenty-five (25) years confinement in the Texas Department of Criminal Justice Institutional Division (TDCJ–ID).

6. Based on the credible affidavit of Ms. Burton and the official court documents, the Court finds that the applicant's punishment range in the primary case was five (5) to ninety-nine (99) years, or life, confinement.

7. Based on the credible affidavit of Ms. Burton and the official court documents, the Court finds that Ms. Burton discussed with the applicant that the primary case, being a first-degree felony offense, carried with it a maximum punishment range of life confinement.

8. Based on the credible affidavit of Ms. Burton, the Court finds that Ms. Burton did not inform the applicant that he could face the death sentence in the primary case.

9. Based on the credible affidavit of Ms. Burton, the Court finds that counsel met with the applicant and discussed the primary case with him on multiple occasions. These discussions included the case in general, the evidence against him, and the options and consequences of each of the options.

10. Based on the credible affidavit of Ms. Burton, the Court finds that counsel discussed with the applicant options such as plea bargaining, presentence investigation report and hearing, and trial.

11. The Court finds, based on the credible affidavit of Ms. Burton, that while Ms. Burton does not specifically recall providing a copy of the indictment to the applicant, it is her customary practice to do so if her clients did not receive a copy of the same while in Harris County Jail, and she does not have reasons to belief[sic] that she deviated from her customary practice.

12. The Court finds, based on the credible affidavit of Ms. Burton, that counsel went over the indictment with the applicant during their discussions of what testimony would likely be in relation to the indictment, and what the State needed to prove up. Therefore, the applicant received notice of the charges against him.

13. The Court finds, based on the credible affidavit of Ms. Burton, that the State made multiple plea offers, and counsel presented each and every single one of these offers to the applicant, as well as explain the advantages and disadvantages of each offer to the applicant.

14. The Court finds, based on the credible affidavit of Ms. Burton and the official court documents, that counsel thoroughly explained and discussed each and every item in the trial court's Plea Admonishments to the applicant, and that the applicant had a clear understanding of each item before he initialed and ultimately signed the document.

15. The Court finds, based on the credible affidavit of Ms. Burton and the official court records, that counsel made sure the applicant understood the plea terms, and the consequences of the options presented to him, and that he elected to plead guilty instead of proceeding with trial, because he did not want to put the complainant through the torment of going through trial.

16. Based on the credible affidavit of Ms. Burton, the Court finds that counsel did not threaten the applicant with a life sentence if he did not plead guilty, nor did counsel coerce or force the applicant in any way to accept a plea bargain offer.

17. The Court finds, based on the credible affidavit of Ms. Burton and the official court documents, that counsel explained to the applicant, and the applicant indicated to counsel that he understood, that due to the agg nature of the offense, the applicant would have to do at least half of whatever sentence he received before he would be eligible for parole.

18. The Court finds, based on the credible affidavit of Ms. Burton, that counsel did not inform the applicant that he would receive life without parole if he did not plead guilty.

19.     Based on the credible affidavit of Ms. Burton and the official court records, the Court finds that the applicant understood the terms of the plea bargain and that [he] elected to enter the guilty plea to the court freely and voluntarily.

(Docket Entry No. 9-11, State Court Record, pp. 1-4). This court presumes that the state court's factual findings are correct. Jones has failed to rebut this presumption. 28 U.S.C. § 2254(d)(2).

The state habeas court concludes as follows:

1.     The applicant fails to show that the conduct of counsel fell below an objective standard of reasonableness and that, but for counsels alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 686 (1984); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); *Narvaiz v. State,* 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part *Strickland* standard).

2.     When evaluating an ineffective assistance claim, the reviewing court looks at the totality of the representation and the particular circumstances of the case. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

3.     Ineffective assistance of counsel cannot be established by separating out one portion of trial counsel's performance for examination; the sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused. *Bolden v. State,* 634 S.W.2d 710, 714 (Tex. Crim. App. 1982); *Ewing v. State,* 549 S.W.2d 392, 395 (Tex. Crim. App. 1977).

4.     *Strickland* permits counsel to make a reasonable decision that makes particular actions unnecessary. *Harrington v. Richter,* 131 S. Ct. 770, 788 (2011) (citing *Strickland,* at 691).

5.     The court will not second-guess through hindsight the strategy of counsel, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State,* 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Solis v. State,* 792 S.W.2d 95, 100 (Tex. Crim. App. 1990).

6.     To prevail on a claim of ineffective assistance where the applicant pled guilty, the applicant must allege that, but for counsel's error, he or she would have not pled guilty and would have insisted on going to trial. *Ex parte Akhtab*, 901 S.W.2d 488, 490 (Tex. Crim. App. 1995) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

. . .

10.     Regarding the applicant's claim that counsel did not interview or call witnesses, the applicant fails to list the names of the alleged witnesses that counsel allegedly failed to interview, and the applicant further fails to meet his burden of showing that, not only were they available, but also how their testimony would have benefited the applicant. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986).

(Docket Entry No. 9-11, State Court Record, pp. 4-6).

The record shows that Ms. Burton reviewed the evidence against Jones, advised him about the legal options, and discussed the advantages and disadvantages of each. *Id.* Based on her review of the evidence and her knowledge of the law, Ms. Burton advised Jones to plead guilty. Ms. Burton's actions were based on well-informed strategic decisions, well within the range of practical choices not to be second-guessed. The state court's decision reasonably applied the law to the facts and was not contrary to clearly established federal law as determined by the Supreme Court of the United States. Relief cannot be granted under 28 U.S.C. § 2254(d)(1).

**B.     The Remaining Assistance of Counsel Claims**

Once a guilty plea has been entered, nonjurisdictional defects in the proceedings against the defendant are waived, including all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682. Ms. Burton's representation did not interfere with Jones's ability to understand the nature of the charges against him and the consequences of his plea. Jones's claims that Ms. Burton failed to call witnesses

and abide by the initial plea offer do not overcome the waiver or provide a basis for habeas relief on the merits. Jones is not entitled to habeas relief on the remaining claims raising ineffective assistance.

### C.     The Claim that Counsel's Deficient Performance Prejudiced Jones

Jones's habeas petition alleges ineffective assistance of counsel during a state sentencing hearing. In considering prejudice in the state sentencing context, the relevant inquiry is whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been "significantly less harsh," *Spriggs v. Collins,* 993 F.2d 85, 88–89 (5th Cir. 1993). The court takes into account "such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *United States v. Segler,* 37 F.3d 1131, 1136 (5th Cir. 1994) (citing *Spriggs,* 993 F.2d at 88). The *Spriggs* standard applies here. *United States v. Grammas*, 376 F.3d 433, 438 & n.4 (5th Cir. 2004) (holding that *Glover v. United States,* 531 U.S. 198, 203 (2001), which cites *Spriggs,* abrogates the significantly harsh test only in the federal sentencing context).

Even assuming that Ms. Burton's performance was deficient — which the record does not show — there is no basis for habeas relief. The record does not show that the state courts acted unreasonably in finding no reasonable probability that Jones's sentence would have been significantly less harsh absent Ms. Burton's alleged errors.

Jones alleges that Ms. Burton failed to call witnesses who would have presented mitigating evidence. Under *Strickland,* an attorney has a duty to make reasonable investigation, but a petitioner "who alleges a failure to investigate on the part of his counsel must allege *with specificity* what the

investigation would have revealed and how it would have altered the outcome of the trial." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (emphasis added) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

When a petitioner questions counsel's failure to call a witness, counsel's decision is considered to be essentially strategic, and "speculations as to what [uncalled] witnesses would have testified is too uncertain." *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Jones must allege with specificity what such an investigation would have revealed and how it could have altered the outcome of the trial. *Gregory*, 601 F.3d at 352.

Jones's conclusory allegations did not create a reasonable probability that a sentencing court would have given him a significantly lighter sentence had it learned the information Jones describes. The severity of Jones's sentence is a significant consideration under *Spriggs*, but the analysis must account for the aggravated sexual assault of a child offense.

The sentencing court judge indicated her familiarity with the underlying offense facts. Jones cannot establish prejudice because the court admonished him as to the complete range of punishment for the offense. Ms. Burton and the State agree that the maximum punishment would be 25 years. Jones signed the written admonitions and the guilty plea. A court considers such factors as the actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances. The trial court sentenced Jones to 25 years, the maximum sentence permitted under the plea agreement and the upper limit of the agreed sentencing range.

Absent the plea agreement capping his sentence at 25 years, Jones faced a sentencing range of 5 to 99-years or life. Although Jones received the maximum sentence under the plea agreement, his 25-year sentence was at the lower end of the sentencing range under Texas law.

Jones has not satisfied the prejudice prong of *Strickland* based on the deficiencies he alleges in counsel's performance. Jones has failed to show that there was a reasonable probability that he would not have pleaded guilty had Ms. Burton not made the errors he alleges in representing him. Jones would not have entered a guilty plea. Jones received a 25-year prison term when he pleaded guilty. Jones has not shown that he would have insisted on a trial, which exposed him to a prison sentence ranging from 5 to 99 years, instead of the 25 year cap under the plea agreement, making trial a dangerous and unlikely alternative. In the event of a trial, the jury would have heard the victims' graphic testimony.

On habeas review, the state trial court found that Jones had voluntarily entered his guilty plea. (Docket Entry No. 9-11, State Court Record, p. 4). The Texas Court of Criminal Appeals denied habeas relief. The state court concluded that Jones failed to show a reasonable probability that his sentence would have been significantly less harsh absent counsel's errors. This conclusion is an objectively reasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Jones's claim for habeas relief based on the ineffective assistance of counsel lacks merit.

## VI.     The Request for an Evidentiary Hearing

Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —

(A) the claim relies on —

(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

Whether to conduct an evidentiary hearing is committed to this court's discretion. *See Williams v. Taylor,* 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings); *Conner v. Quarterman,* 477 F.3d 287, 293 (5th Cir. 2007) (citing *Roberts v. Dretke,* 381 F.3d 491, 497 (5th Cir. 2004) (citation omitted)); *McDonald v. Johnson,* 139 F.3d 1056, 1060 (5th Cir. 1998). If there is a factual dispute that resolved in the petitioner's favor would entitle him to relief, and the state has not given a full and fair hearing, an evidentiary hearing is appropriate. *Clark v. Johnson,* 202 F.3d 760, 766 (5th Cir. 2000); *Perillo v. Johnson,* 79 F.3d 441, 444 (5th Cir. 1996). A petitioner is not entitled to an evidentiary hearing "if his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Young v. Herring,* 938 F.2d 543, 559 (5th Cir. 1991). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rule 8 of the Rules Governing Section 2254 Cases.

This court has been able to resolve all issues based on the pleadings and state-court records. The facts and claims Jones seeks to develop lack merit. Jones has failed to provide a factual or legal basis for granting an evidentiary hearing. An evidentiary hearing is not required because there are no relevant factual disputes that would require development to assess the claims. *Robinson v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999).

## VII.    Conclusion

The respondent's Motion for Summary Judgment, (Docket Entry No. 12), is granted. Jones's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a certificate only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). A certificate of appealability is "a jurisdictional prerequisite." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325. Because Jones has not made the necessary showing, this court will not issue a certificate of appealability.

SIGNED on December 9, 2014, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge